**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Teamsters Local Union No. 727** | : | |
| **Pension Fund, by and through its** | : | **Civil Action** |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Zachary Frankenbach, Michael DeGard,** | : | |
| **Nicholas Micaletti, John McCarthy,** | : | |
| **Gregory T. Youmans, Carl S. Tominberg,** | : | |
| **and Robert Sheehy,** | : | No. _____ |
| **1300 W. Higgins Road, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727** | : | |
| **Health & Welfare Fund, by and through its** | : | |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Zachary Frankenbach, Michael DeGard,** | : | |
| **Nicholas Micaletti, John McCarthy,** | : | |
| **Gregory T. Youmans, Carl S. Tominberg,** | : | |
| **and Robert Sheehy,** | : | |
| **1300 W. Higgins Road, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727** | : | |
| **Legal & Educational Assistance Fund,** | : | |
| **by and through its Board of Trustees,** | : | |
| **John T. Coli, Jr., Zachary Frankenbach,** | : | |
| **Michael DeGard, Nicholas Micaletti,** | : | |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg, and Robert Sheehy,** | : | |
| **1300 W. Higgins Road, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **MSC Chicago, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

1

# COMPLAINT

## INTRODUCTION

Plaintiffs bring this action against Defendant pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order directing Defendant to pay delinquent contributions, interest, and liquidated damages currently owed to the Plaintiffs, and that may become due and owing during the pendency of this litigation, plus attorneys' fees, audit fees, and costs; and interest and liquidated damages on late-paid contributions under federal common law, plus attorneys' fees and costs and any other amounts permitted by law.

## JURISDICTION AND VENUE

1. Plaintiffs invoke the jurisdiction of this Court pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); and sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2) and 1145.

2. Defendant is located in Cook County. Therefore, jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3. Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Teamsters Local Union No. 727 Pension Fund ("Pension Fund") is a jointly administered, multiemployer employee pension plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and sections 3(2) and 3(37)(A) of ERISA, 29

U.S.C. §§ 1002(3) and (37)(A). The Pension Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

5. The Pension Fund is administered by a joint labor-management Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Pension Fund receives contributions from employers that are parties to collective bargaining agreements with the International Brotherhood of Teamsters Local Union No. 727 (the "Union").

6. Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Pension Fund pursuant to the Pension Fund's Agreement and Declaration of Trust ("Pension Fund Trust Agreement"). *Exhibit A, Pension Fund Trust Agreement.* Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Pension Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Pension Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

7. Plaintiff Teamsters Local Union No. 727 Health & Welfare Fund ("Welfare Fund") is a jointly administered multiemployer welfare plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The Welfare Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

3

8. The Welfare Fund is administered by a joint labor-management Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health care benefits to its participants and defraying the reasonable expenses of administering the plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Welfare Fund receives contributions from employers that are parties to collective bargaining agreements with the Union.

9. Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Welfare Fund pursuant to the Welfare Fund's Agreement and Declaration of Trust ("Welfare Fund Trust Agreement"). *Exhibit B, Welfare Fund Trust Agreement.* Coli, Jr., Frankenbach, DeGard, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Welfare Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Frankenbach, DeGard, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Welfare Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

10. Plaintiff Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("L&E Fund") is a jointly administered, multiemployer welfare plan within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

11. The L&E Fund is administered by a joint labor-management Board of Trustees and exists for the exclusive purpose of providing legal and educational assistance to its participants and defraying the reasonable expenses of administering the plan, in accordance with section 404

of ERISA, 29 U.S.C. §1104. The L&E Fund receives contributions from employers that are parties to collective bargaining agreements with the Union.

12. Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the L&E Fund pursuant to the L&E Fund's Agreement and Declaration of Trust ("L&E Fund Trust Agreement"). *Exhibit C, L&E Fund Trust Agreement*. Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the L&E Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the L&E Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

13. Defendant MSC Chicago, LLC ("MSC Chicago" or "Defendant") is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a); and section 3(5) of ERISA, 29 U.S.C. § 1002(5). MSC Chicago's principal place of business is located at 1649 W. Cermak, Chicago, Illinois 60608.

## RELATIONSHIP OF PARTIES

14. In January 2017, Defendant executed a Collective Bargaining Agreement ("CBA") with Teamsters Local Union No. 727 for the periods November 1, 2016 to June 30, 2022 ("the CBA"). *Exhibit D, CBA*.

## DEFENDANT'S CONTRIBUTION OBLIGATIONS
### Collective Bargaining Agreement Obligations

15. Article 20 of the CBA governs contributions to the Funds. Pursuant to Sections 20.1 to 20.4 of that Article, Defendant was required to make monthly contributions to the Pension, Health and Welfare, and Legal and Educational Assistance Funds. *Exhibit D, CBA pp. 11-13*.

5

**Trust Agreement Obligations**

16. Article 6, Section 6.01(b) of the Pension Fund, Welfare Fund, and the L&E Fund's respective Trust Agreements includes a provision for the collection of delinquent contributions, which states as follows:

> The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection. *Exhibit A, Pension Fund Trust Agreement, p. 18; Exhibit B, Welfare Fund Trust Agreement, p. 19; Exhibit C, L&E Fund Trust Agreement, pp. 18-19.*

17. Further, Article 6, Section 6.02 of the Funds' respective Trust Agreements provides:

> The Trustees shall have the right to adopt rules and regulations relating to the collection of Employer Contributions, including provisions for time of payment, collection of interest, audit fees, attorneys' fees at the rate set by the Trustees in their sole discretion, costs, and liquidated damages as specified in this Section. An Employer in default as of the date established by the Collective Bargaining Agreement or the Trustees for payment of Contributions shall be liable for an additional amount of twenty percent (20%) of the delinquent payment or $50.00, whichever is greater, and interest at the rate set forth in the Plan or the rules and regulations [established by the Trustees]. *Exhibit A, Pension Fund Trust Agreement, pp. 18-19; Exhibit B, Welfare Fund Trust Agreement, pp. 19-20; Exhibit C, L&E Fund Trust Agreement, p.19.*

18. Additionally, Article 6, Section 6.03 of the Funds' respective Trust Agreements provides:

> Each Employer and its affiliated or related companies or businesses shall furnish to the Trustees on demand the names of all employees, their Social Security numbers, the time worked by each employee, the Contributions due or payable to the Trust Fund, and such other information, including cash journals, wage and payroll records, income tax records, and other business records, as the Trustees or their agents may reasonably require in connection with the administration of the Trust. The Trustees, or their authorized representative, shall have the right to examine and audit the pertinent books and records (as determined by the Trustees) of each employer and its affiliated or related companies whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust. *Exhibit A, Pension Fund Trust Agreement, p. 19;*

*Exhibit B, Welfare Fund Trust Agreement, pp.20-21; Exhibit C, L&E Fund Trust Agreement, p.20.*

19. Consistent with the Funds' respective Trust Agreements, the Trustees established a policy for the collection of contributions which requires employers to submit signed remittance reports together with their monthly contributions. A remittance report requires an employer to identify the employees for whom contributions are due and owing, the number of hours worked by each employee, wages paid to each employee and the contribution amount owed for each employer. *Exhibit E, Collection Policy.* A copy of the Collection Policy was provided to Defendant.

20. The Trustees also established a policy for conducting payroll audits of employers. *Exhibit F, Audit Policy.*

21. Copies of the Collection Policy and the Audit Policy were provided to Defendant.

22. Plaintiff Funds are further entitled to interest and liquidated damages on late-paid contributions as required by the CBAs, the respective Trust Agreements and the Funds' Collection Policy, in accordance with the federal common law of contract.

## ERISA ENFORCEMENT

23. Section 404 of ERISA, 29 U.S.C. § 1104 imposes a duty on fiduciaries to determine the contributions owed to the plan as well as a responsibility to collect them.

24. Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

25. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a

7

judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by Defendant, and (E) such other legal or equitable relief as the court deems appropriate."

## COUNT I

### Unpaid Contributions – Pension Fund

26. Plaintiffs incorporate by reference paragraphs 1 through 25 above as though fully set forth herein.

27. Pursuant to the CBA executed by Defendant, Defendant is obligated to pay contributions to the Pension Fund on behalf of all employees performing bargaining unit work.

28. Pursuant to remittance reports submitted by Defendant, Defendant is delinquent in its contributions to the Pension Fund in the amount of $2,695.00.

29. As of January 2020, interest on said delinquent contributions as to the Pension Fund totals $200.00. Interest will continue to accrue until the contributions are paid in full.

30. Defendant owes liquidated damages to the Pension Fund in the amount $269.50. *See Ex. A § 6.02; 29 U.S.C. § 1132(g)(2)(C).* Liquidated damages may increase if and when the accruing interest due on the delinquent contributions exceeds this amount. *See id.* (providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

31. Additionally, as of January 2020, Defendant owes the Pension Fund $83.04 in delinquent contributions and shortages for January 2018 plus interest and liquidated damages for a total of $174.38. *Id.*

32. Pursuant to Section 6.02 of the Pension Fund's Trust Agreement (*Exhibit A*) and 29 U.S.C. § 1132(g)(2)(D), Defendant is obligated to reimburse the Plaintiff Pension Fund reasonable attorneys' fees and costs that the Fund incurs to collect the contributions owed.

33. Plaintiff has demanded payment of the amounts owed, but Defendant has failed and/or refused to pay the contributions.

34. The Pension Fund has been economically harmed by Defendant's failure to make contribution payments as required by the CBA and the Trust Agreement.

35. Defendant's failure and refusal to pay contributions to the Pension Fund as required by the CBA violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** Plaintiff Pension Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff and against Defendant, and that Defendant be ordered to pay all contributions owed to the Pension Fund, plus interest, liquidated damages, audit fees, and reasonable attorney's fees and costs;

(b) That the Court enter judgment in favor of the Plaintiff and against Defendant for any additional contribution amounts that may be found due and owing to the Pension Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorney's fees and costs; and

(c) That the Court order such other relief that the Court deems just and appropriate.

## COUNT II

## Unpaid Contributions – Health and Welfare Fund

36. Plaintiffs incorporate by reference paragraphs 1 through 35 above as though fully set forth herein.

37. Defendant is delinquent in its contributions to the Welfare Fund in the amount of $87, 319.06 as of January 2020.

38. As of January 2020, interest on said delinquent contributions to the Welfare Fund totals $5, 239.12. Interest will continue to accrue until the contributions are paid in full.

39. Defendant owes liquidated damages, to the Welfare Fund in the amount of $8,731.91. *See Ex. B § 6.02; 29 U.S.C. § 1132(g)(2)(C)*. Liquidated damages may increase if and when the accruing interest due on the delinquent contributions exceeds this amount. *See id.* (providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

40. Additionally, as of January 2020, Defendant owes the Welfare Fund delinquent contributions for two employees for December 2017 in the amount of $217.60 plus interest and liquidated damages for a total of $456.91. *Id.*

41. Pursuant to Section 6.02 of the Welfare Fund's Trust Agreement (*Exhibit B)* and 29 U.S.C. § 1132(g)(2)(D), Defendant is required to reimburse the Fund for reasonable attorneys' fees and costs, including audit fees, that the Fund incurs to collect the contributions owed.

42. The Welfare Fund has demanded payment of the amounts owed, but Defendant has failed and/or refused to pay the contributions.

43. The Welfare Fund has been economically harmed by Defendant's failure to make contribution payments as required by the CBA and the Trust Agreement.

44. Defendant's failure and refusal to pay contributions to the Welfare Fund as required by the CBA violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff and against Defendant, and that Defendant be ordered to pay all contributions owed to the Welfare Fund, plus interest, liquidated damages, audit fess, and reasonable attorney's fees and costs;

(b) That the Court enter judgment in favor of the Plaintiff and against Defendant for any additional contribution amounts that may be found due and owing to the Welfare Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorney's fees and costs; and

(c) That the Court order such other relief that the Court deems just and appropriate.

## COUNT III

### Unpaid Contributions – Legal and Educational Assistance Fund

45. Plaintiffs incorporate by reference paragraphs 1 through 44 above as though fully set forth herein.

46. Defendant is delinquent in its contributions to the L&E Fund for the period in the amount of $6,832.00 as of January 2020.

47. As of January 2020, interest on said delinquent contributions as discovered by the Audit to the L&E Fund totals $456.96. Interest will continue to accrue until the contributions are paid in full.

48. Defendant owes liquidated damages to the L&E Fund in the amount of $683.20. *See Ex. C § 6.02; 29 U.S.C. § 1132(g)(2)(C).* Liquidated damages may increase if and when the accrued interest due on the delinquent contributions exceeds this amount. *See id.* (providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

49. Additionally, as of January 2020, Defendant owes the L&E Fund delinquent contributions for two employees for December 2017 in the amount of $20.80 plus interest and liquidated damages for a total of $43.68. *Id.*

50. Pursuant to Section 6.02 of *Exhibit C* and 29 U.S.C. § 1132(g)(2)(D), Defendant is required to reimburse the Fund reasonable attorneys' fees and costs, including audit fees, that the Fund incurs to collect the contributions owed.

51. The L&E Fund has demanded payment of the amounts owed, but Defendant has failed and/or refused to pay the contributions.

52. The L&E Fund has been economically harmed by Defendant's failure to make contribution payments as required by the CBA and the Trust Agreement.

53. Defendant's failure and refusal to pay contributions to the L&E Fund as required by the CBA violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the L&E Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff and against Defendant, and that Defendant be ordered to pay all contributions owed to

    L&E Fund, plus interest, liquidated damages, audit fess, and reasonable attorney's fees and costs;

(b) That the Court enter judgment in favor of the Plaintiff and against Defendant for any additional contribution amounts that may be found due and owing to the L&E Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorney's fees and costs; and

(c) That the Court order such other relief that the Court deems just and appropriate.

## COUNT IV

### Interest and Liquidated Damages for Late-Paid Contributions Under Federal Common Law – Plaintiff Pension Fund

54. Plaintiffs incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

55. Pursuant to the CBA, Defendant agreed to be bound to the Funds' Trust Agreement:

> 20.8. By Execution of this Agreement, Employer authorizes the Trustees to enter into appropriate trust agreements necessary for the administration of such funds, and hereby waiving all notice thereof and ratifying all actions already taken by such trustees within the scope of their authority.

*Exhibit D, ¶ 20.8*

56. Pursuant to the CBA, Defendant is obligated to pay interest and liquidated damages to the Pension Fund for late-paid contributions.

57. As of January 2020, Defendant owes interest in the amount of $1,162.00 to the Pension Fund for late-paid contributions relating to work performed from February 2017 through March 2019.

58. Plaintiff Pension Fund has demanded payment of the interest and liquidated damages owed but Defendant has failed and/or refused to pay.

59. The Pension Fund has been economically harmed by Defendant's failure to pay interest and liquidated damages as required by the CBA and the Pension Fund Trust Agreement.

60. Defendant's failure and refusal to pay interest and liquidated damages that Defendant incurred, constitutes a violation of the CBA and the Pension Fund Trust Agreement.

**WHEREFORE,** the Pension Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendant and that Defendant be ordered to pay all interest and liquidated damages for late-paid contributions; and

(b) That the Court order such other relief that the Court deems just and appropriate.

## COUNT V

### Interest and Liquidated Damages for Late-Paid Contributions Under Federal Common Law – Plaintiff Welfare Fund

61. Plaintiffs incorporate by reference paragraphs 1 through 60 above as though fully set forth herein.

62. Pursuant to the CBA, Defendant agreed to be bound to the Funds' Trust Agreement:

> 20.8. By Execution of this Agreement, Employer authorizes the Trustees to enter into appropriate trust agreements necessary for the administration of such funds, and hereby waiving all notice thereof and ratifying all actions already taken by such trustees within the scope of their authority.

*Exhibit D, ¶ 20.8.*

63. Pursuant to the CBA and Welfare Fund Trust Agreement, Defendant is obligated to pay interest and liquidated damages to the Welfare Fund for late-paid contributions.

64. As of January 2020, Defendant owes interest in the amount of $12,327.21 to the Welfare Fund for late-paid contributions relating to work performed from February 2017 through March 2019.

65. Plaintiff Welfare Fund has demanded payment of the interest and liquidated damages owed but Defendant has failed and/or refused to pay.

66. The Welfare Fund has been economically harmed by Defendant's failure to pay interest and liquidated damages as required by the CBA and the Welfare Fund Trust Agreement.

67. Defendant's failure and refusal to pay interest and liquidated damages that Defendant incurred, constitutes a violation of the CBA and the Welfare Fund Trust Agreement.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendant and that Defendant be ordered to pay all interest and liquidated damages for late-paid contributions; and

(b) That the Court order such other relief that the Court deems just and appropriate.

## COUNT VI

### Interest and Liquidated Damages for Late-Paid Contributions Under Federal Common Law – Plaintiff L&E Fund

68. Plaintiffs incorporate by reference paragraphs 1 through 67 above as though fully set forth herein.

69. Pursuant to the CBA and L&E Fund Trust Agreement, Defendant is obligated to pay interest and liquidated damages to the L&E Fund for late-paid contributions.

70. Pursuant to the CBA, Defendant agreed to be bound to the Funds' Trust Agreement:

> 20.8. By Execution of this Agreement, Employer authorizes the Trustees to enter into appropriate trust agreements necessary for the administration of such funds, and hereby

15

>waiving all notice thereof and ratifying all actions already taken by such trustees within the scope of their authority.

*Exhibit D, ¶ 20.8*

71. As of the date of the filing of the instant Complaint, Defendant owes interest in the amount of $1, 205.58 to the L&E Fund for late-paid contributions relating to work performed from February 2017 through March 2019.

72. Plaintiff L&E Fund has demanded payment of the interest and liquidated damages owed but Defendant has failed and/or refused to pay.

73. The L&E Fund has been economically harmed by Defendant's failure to pay interest and liquidated damages as required by the CBAs and the L&E Fund Trust Agreement.

74. Defendant's failure and refusal to pay interest and liquidated damages that incurred, constitutes a violation of the CBAs and the L&E Fund Trust Agreement.

**WHEREFORE,** the L&E Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendant and that Defendant be ordered to pay all interest and liquidated damages for late-paid contributions; and

(b) That the Court order such other relief that the Court deems just and appropriate.

## COUNT VII

### Payroll Audit of Defendant

75. Plaintiffs incorporate by reference paragraphs 1 through 74 above as though fully set forth herein.

76. By letter dated May 3, 2019, Plaintiff Funds' auditor notified Defendant that it would conduct a payroll audit of Defendant's payroll records for the period March 1, 2017 through

the present, and requested that Defendant contact the auditor to schedule the payroll audit. *Exhibit G, May 3, 2019 Letter.*

77. Defendant has refused to schedule a payroll audit.

78. Confirmation of the precise amount of contributions owed by an employer and the accuracy of hours reported is normally achieved by a payroll audit.

79. Defendant is obligated pursuant to the applicable CBA, the Trust Agreements, and the Collection Policy to file monthly remittance reports, identifying for each employee who performs work covered by a CBA: (a) his or her name; (b) his or her social security number; (c) his or her hours of work; (d) his or her wages; and (e) the amount of contributions owed for such employee.

80. Defendant is further obligated under those documents to make contributions based on such remittance reports.

81. Defendant is further obligated to submit to payroll audits to determine the accuracy of the information provided and contributions paid to Plaintiff Funds.

82. Defendant has refused to schedule a payroll audit covering the period March 1, 2017 to present requested by Plaintiff Funds on numerous occasions.

83. As a consequence of Defendant's refusals, the Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of any unpaid contributions, as the books, records and related information necessary to identify Plaintiff Funds' participants and the amount of Defendant's contribution obligations are in the exclusive possession, custody, control and knowledge of Defendant.

84. Plaintiff Funds have no adequate remedy at law for the calculation of contributions owed or damages suffered by them as a result of Defendant's breach of its statutory contractual obligations, absent a payroll audit.

85. All conditions precedent to equitable relief have been met.

**WHEREFORE**, the Plaintiff Funds pray that the Court grant the following relief:

(a) That the Court enter judgment in favor of Plaintiffs and against Defendant and that Defendant be ordered to submit to and cooperate with a payroll audit by Plaintiff Funds' designated independent auditors;

(b) That the Court enter judgment in favor of Plaintiffs and against Defendant, and that Defendant be ordered to pay all contributions found by a payroll audit to be owed to each Plaintiff Fund, plus interest, liquidated damages, audit fees and attorney's fees and costs as mandated by ERISA;

(c) That the Court enter judgment in favor of Plaintiffs and against Defendant for any additional contribution amounts that may be found due and owing to Plaintiff Funds during the pendency of this litigation, together with interest, liquidated damages, audit fees, and attorney's fees and costs as mandated by ERISA; and

(d) That the Court order such other relief that the Court deems just and appropriate.

Respectfully submitted,

ILLINOIS ADVOCATES, LLC

　s/ William Tasch　　　　　　　　
WILLIAM TASCH, ESQUIRE
77 W. Washington, Suite 2120
Chicago, IL 60602

Office        (312) 346-2052
Facsimile   (312) 492-4804
Email        William.Tasch@iladvocates.com

ILLINOIS ADVOCATES, LLC

  s/ Cara M. Anthaney_____
CARA ANTHANEY, ESQUIRE
77 W. Washington, Suite 2120
Chicago, IL  60602
Office        (312) 346-2052
Facsimile   (312) 492-4804
Email        cara.anthaney@iladvocates.com

WILLIG, WILLIAMS & DAVIDSON

  s/ Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE

1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office        (215) 656-3665
Facsimile   (215) 561-5135
Email        lmartin@wwdlaw.com


*Counsel to Plaintiffs Teamsters Local Union No. 727 Benefit Funds and Trustees*

Dated:  February 11, 2020

**CERTIFICATE OF SERVICE**

      I, Cara M. Anthaney, Esquire, hereby certify that I have this 11th day of February 2020 forwarded a copy of the Complaint and exhibits in the foregoing matter to the persons listed below, by certified mail, postage prepaid, United States Postal Service:

      R. Alexander Acosta, Secretary
      U.S. Department of Labor
      Office of Public Affairs
      200 Constitution Ave., N.W.
      Room S-1032
      Washington, DC 20210

      Steven Terner Mnuchi, Secretary
      United States Department of Treasury
      1500 Pennsylvania Avenue, N.W.
      Washington, D.C. 20220

                                                s/    Cara M. Anthaney
                                            CARA M. ANTHANEY, ESQUIRE

Dated: February 11, 2020